# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,       )
                         )
                         )
                         )
    v.                     )
                         )   **ID # 1609019077**
**Edward Hammond**         )   **Crim. Action No.: IN16101109**
                         )
                         )

## ORDER DENYING DEFENDANT'S MOTION FOR MODIFICATION/REDUCTION OF SENTENCE

On this 14th day of September 2020, upon consideration of Defendant's Motion for Modification for Extraordinary Circumstances ("Motion") and the record in this case, it appears to this Court that:

1. On April 24, 2017, Mr. Hammond plead guilty to one count of Robbery in the Second Degree and one count of Assault in the Second Degree in connection with an incident that occurred in September of 2016. On July 7, 2017, this Court sentenced Hammond to five years of Level V time in connection with his Robbery charge, and eight years at Level V suspended after one year for his Assault charge. Defendant was also sentenced to decreasing levels of probation in connection with his Assault charge.. Mr. Hammond was declared a Habitual Offender under 11 Del. C. § 4214(d) with respect to his charge for Robbery.

2. Mr. Hammond has filed the present Motion asking the court to reduce his sentence. In his Motion, Mr. Hammond requests that this Court reduce his Assault sentence to Level IV or Level III time. The Motion lists three separate grounds for this request, which are described below.

3. Requests for reductions in sentencing filed more than 90 days after the imposition of the original sentence are governed by Criminal Rule 35(b). Under Rule 35(b), the Court will consider an application for a reduction in sentencing made more than 90 days after the imposition of the original

sentence "only in extraordinary circumstances." This Court has defined "extraordinary circumstances" as "highly unusual set[s] of facts" found "when an offender faces some genuinely compelling change in circumstances that makes a resentencing urgent."[1] On Rule 35(b) motions, "[a] heavy burden is placed on the inmate to establish 'extraordinary circumstances' in order to uphold the finality of sentences."[2]

4. The grounds for reduced sentencing that Mr. Hammond has listed in his Motion do not rise to the level of "extraordinary circumstances" under Rule 35(b). Accordingly, his Motion will be denied.

5. First, Mr. Hammond seeks a reduction in sentencing due to the ongoing COVID-19 pandemic. Mr. Hammond indicates that he is housed in close proximity to other inmates, which means that he may be susceptible to infection from the virus. This Court has determined that the ongoing COVID-19 pandemic by itself does not constitute an extraordinary circumstance sufficient to overcome the heavy burden placed on the moving party in a Rule 35(b) motion.[3] Mr. Hammond's Motion indicates that he is young and healthy, and does not indicate that he has any special medical condition that would justify a reduction in sentencing in light of the COVID-19 situation.[4] If Mr. Hammond's medical situation changes in a manner that warrants a reduction in sentencing, he may file an application with the Department of Corrections

---

[1] *State v. Lindsey*, 2020 WL 4038015, at *2 (Del. Supr. Jul. 17, 2020).

[2] *Id.*

[3] *See State v. Hampton*, 2020 WL 4284327 (Del. Supr. Jul. 27, 2020) ("As this Court has recently and oft noted, no special early release rule or procedure has been created to address the current COVID-19 health crisis. . . Just incanting 'COVID-19' is inadequate to shoulder the heavy burden placed on one to establish 'extraordinary circumstances' under Rule 35(b).")

[4] Def.'s Mot. At 1 ("Defendant Edward Hammond is a 31 year old young man . . . without any medical conditions [and who] was anticipating on remaining in stable and good health").

under 11 Del. C. § 4217 rather than another Rule 35 application with the Superior Court.[5]

6.  Next, Mr. Hammond's Motion indicates that his sentence should be modified because he has completed rehabilitation programs during his incarceration. While Mr. Hammond's rehabilitation efforts are laudable, the Supreme Court of Delaware has held that participation in rehabilitation and educational programs does not constitute the kind of "extraordinary circumstance" needed to prevail on a Rule 35 motion.[6] The Supreme Court has also held that the appropriate vehicle for seeking a reduced level of incarceration based on rehabilitative efforts is an application under 11 Del. C. § 4217 rather than a Rule 35 application to the Superior Court.[7]

7.  Finally, Mr. Hammond's Motion indicates that he accepts full responsibility for the actions which led to his incarceration, that he feels empathy for the victim in his case, and that he regrets his actions. While Mr. Hammond's attitude is positive and commendable, it is not grounds for a reduction in sentencing under Rule 35(b).

8.  But Mr. Hammond's failure to meet Rule 35's "extraordinary circumstances" criterion is not all that prohibits this Court from considering his time-barred prayer for sentence reduction. Superior Court Criminal Rule 35(b) also provides that the Court will not consider repetitive motions for reduction of a sentence.[8] A motion is considered repetitive when it is preceded by an earlier

---

[5] See *Hampton*, at *2 ("[If an inmate's medical circumstances change in a way that] warrants sentence reduction, then the proper vehicle to deliver such relief is an application by the Department of Corrections under 11 De. C. § 4217. . . [A]n inmate's emergent medical situation is not the stuff of which a claim of 'extraordinary circumstances' is made [under Rule 35].")

[6] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016).

[7] *Id.* ("Rule 35(b) is not the proper vehicle for seeking modification based on rehabilitation. . . Section 4217 is the appropriate mechanism through which a defendant may pursue a sentence modification based upon rehabilitation.")

[8] Del. R. Crim. P. 35(b) ("The court will not consider repetitive requests for reduction of [a] sentence.")

Rule 35(b) motion, even if the subsequent motion raises new arguments.[9] This bar to repetitive motions has no exception. It is absolute and "flatly prohibits repetitive requests for reduction of sentencing."[10] This Court denied two prior motions for modification of Defendant's sentence on August 30, 2017 and June 21, 2018. Therefore, this motion must also be denied as repetitive.

9. **NOW, THEREFORE, IT IS ORDERED** that Mr. Hammond's Motion is **DENIED** because it is time-barred, repetitive, and because he has not demonstrated extraordinary circumstances that justify a modification of his sentence under Rule 35(b). Additionally, the Defendant's sentence is appropriate for all of the reasons stated at the time of sentencing. No additional information has been provided to the Court which would warrant a reduction or modification of this sentence.

FRANCIS J. JONES

---

[9] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016.)

[10] *State v. Piatt*, 2020 WL 206421 (Del. 2020); *See also Thomas v. State*, 2002 WL 31681804 (Del. 2002); *Jenkins v. State*, 2008 WL 2721536 (Del. 2008).